UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LETICIA MELO,

                        Plaintiff,

                                                        16 CV 7985 (AJN)

    - against -

CITY OF NEW YORK, GARFIELD
MEAD, BRIAN DENNIS, FIZGERALDA        **FIRST AMENDED COMPLAINT**
SANCHEZ, MIGUELE AMORESANO,
and JOHN DOES 1-7,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, Leticia Melo, by her attorneys, Lumer & Neville, hereby alleges upon information and belief as follows:

### PARTIES, VENUE, and JURISDICTION

        1.       At all times hereinafter mentioned, plaintiff Leticia Melo was an adult female resident of New York County, in the State of New York.

        2.       At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.       At all relevant times hereinafter mentioned, defendant Garfield Mead (Tax No. 927637) was employed by the City of New York as a member of the NYPD. Mead is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Brian Dennis (whose Tax No. and Shield are unknown) was employed by the City of New York as a member of the NYPD. Dennis is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant Fizgeralda Sanchez (Tax No. 944167) was employed by the City of New York as a member of the NYPD. Sanchez is sued herein in her individual capacity.

6. At all relevant times hereinafter mentioned, defendant Miguele Amoresano (Tax No. 924884) was employed by the City of New York as a member of the NYPD. Amoresano is sued herein in his individual capacity.

7. At all relevant times hereinafter mentioned, defendants John Does 1-7 were employed by New York City as members of the NYPD. While John Does participated in plaintiff's unlawful arrest and detention, and caused the constitutional injuries alleged herein by plaintiff, their identity is presently not known. John Does are sued herein in their individual capacity.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

10. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

11. At least thirty days have passed since plaintiff's service of her Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

12. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

**RELEVANT FACTS**

13. As of February 20, 2016, plaintiff resided in an apartment on Amsterdam Avenue, New York County (the "premises").

14. On February, 20, 2016, during the evening hours, members of the NYPD, either including or acting on behalf of Mead and the Doe defendants (the "individual defendants"), knocked on the door of the premises claiming to be investigating a noise complaint.

15. There was no excessive noise emanating from the premises nor any signs of any illegal or unlawful activity at the time of the individual defendants' arrival at the premises.

16. Plaintiff, who was in the company of her two nephews and two of her nephew's friends, answered the door but expressly refused to permit defendants entry into the premises.

17. Having been refused entry, defendants forcibly pushed in the door and entered the premises.

18. The defendant officers did not display nor produce a warrant authorizing their entry into the premises, and had no reasonable basis to believe that they had consent to enter the premises or that any exigency existed that would justify their entry.

19. No contraband or weapons of any sort were present or otherwise found anywhere inside the premises.

20. Despite the continuing absence of probable cause or any individualized suspicion, plaintiff was seized, handcuffed, and transported by defendants to a local area NYPD service area or station house, where plaintiff was jailed for a period of hours.

21. Plaintiff was subsequently transported to Central Booking, where she was imprisoned for many more hours.

22. At no time did defendants have sufficient legal cause to either enter the premises, or to seize, arrest, and detain plaintiff, nor was it reasonable for defendants to believe that such cause existed.

23. While plaintiff was imprisoned by the defendants, defendants completed arrest paperwork in which they falsely claimed that plaintiff was engaging in criminal or unlawful conduct, and charged her with endangering the welfare of a child pursuant to New York Penal Law §260.10(1).

24. Defendants forwarded these false allegations to the New York County District Attorney's Office ("NYDA") in order to justify plaintiff's arrest and persuade the NYDA to initiate plaintiff's criminal prosecution.

25. Defendants knew and understood that the NYDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of their allegations.

26. These allegations were materially false, and the individual defendants knew them to be false at the time they were made.

27. The individual defendants made these fabricated, false, and otherwise misleading claims and accusations at the time of plaintiff's initial arrest and continuously throughout the course of plaintiff's criminal prosecution.

28. On February 21, 2016, the NYDA declined to prosecute plaintiff and she was finally released from custody.

29. To the extent that any of the individual defendants did not directly engage or participate in the above-mentioned misconduct and/or fabrication of evidence against plaintiff, at no time did such defendant take any steps to intervene in plaintiff's arrest or continued detention in defendants' custody, nor did such defendant file any corrective statement or make any effort of any sort to correct the false statements he knew his fellow officers had fabricated and communicated to the NYDA, or otherwise protect plaintiff from further harm caused by his/her fellow officers' knowing and deliberate violation of plaintiff's constitutional rights.

30. The individual defendants knew and understood that they lacked sufficient evidence to enter the premises or that would justify plaintiff's arrest, and notwithstanding such knowledge, they failed to take any steps to intercede on behalf of

plaintiff, or otherwise inform supervisory officers within the NYPD or members of the NYDA about plaintiff's innocence of the criminal charges against her.

31. At all times relevant herein, each of the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 Claims
Against the Individual Defendants)

32. Plaintiff repeats the above-stated allegations as though stated fully herein.

33. Defendants willfully entered and searched plaintiff's residence without a warrant, without exigency, and without consent.

34. Defendants, individually and collectively, subjected plaintiff to unlawful searches of her person and property, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

35. Defendants willfully and intentionally seized, arrested, and caused plaintiff to be imprisoned without probable cause, or any reasonable basis to believe probable cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

36. The individual defendants fabricated and withheld evidence, and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and continued

imprisonment, or otherwise failed to intercede with the NYDA in order to put a stop to plaintiff's unlawful arrest, confinement, and prosecution caused by their fellow officers' unconstitutional conduct.

37. By so doing, the individual defendants, individually and collectively, subjected plaintiff to (i) illegal entry and search of her premises; (ii) false arrest and imprisonment; and (iii) denial of due process and the right to a fair trial through the fabrication of evidence, thereby violating, or at least aiding and abetting in the violation of, plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

38. To the extent that any of the individual defendants did not directly engage in this unconstitutional conduct, such defendant officer was aware of such conduct by his/her fellow officers, and yet consciously failed to make any effort, despite ample opportunity to do so, to intervene or otherwise put a stop to the aforementioned misconduct and violation of plaintiff's constitutional rights, by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct his fellow officers' misconduct.

39. By reason thereof, the individual defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claims
Against All Defendants)

40. Plaintiff repeats the above-stated allegations as though stated fully herein.

41. The individual defendants unlawfully entered the premises and subjected plaintiff to unlawful searches of her person and property.

42. Plaintiff was subjected to false arrest and false imprisonment when she was intentionally, willfully, maliciously, and/or with reckless disregard, seized, searched, and arrested without probable cause by the individual defendants.

43. Plaintiff was denied her right to due process and a fair trial when one or more of the individual defendants fabricated evidence or otherwise attempted to mislead the NYDA in order to justify plaintiff's continuing imprisonment and persuade the NYDA to initiate plaintiff's prosecution.

44. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

45. Therefore, the individual defendants are liable to plaintiff under state law, for (i) trespass and the unlawful entry and search of the premises; (ii) false arrest and imprisonment; and (iii) the denial of due process and the right to a fair trial; as is the municipal defendant under the principle of *respondeat superior*.

46. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of her constitutional rights.

**[Remainder of Page Intentionally Blank]**

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

i. Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii. Actual damages against the municipal defendant in an amount to be determined at trial;

iii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of the action; and

iv. Such other relief as the Court deems just and proper.

Dated: New York, New York
February 14, 2017

> LUMER & NEVILLE
> Attorneys for Plaintiff
> 225 Broadway, Suite 2700
> New York, New York 10007
> (212) 566-5060
>
> _____
> Michael B. Lumer (ML-1947)